IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01031-ZLW-CBS

ESTATE OF ROSEMARY BERRY, deceased, by THERESA BIRD, as Personal Representative for the ESTATE OF ROSEMARY BERRY,

    Plaintiff,

vs.

RALPH JAMES BERRY, JR.; AGILENT TECHNOLOGIES, INC., a Colorado foreign corporation; and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., a Massachusetts corporation,

    Defendants.

## STIPULATED PROTECTIVE ORDER

It is hereby agreed and stipulated by Plaintiff Estate of Rosemary Berry, deceased, by Theresa Bird, as Personal Representative for the Estate of Rosemary Berry ("Berry") and Defendants Fidelity Investments Institutional Operations Company, Inc. ("Fidelity"), through their respective counsel, that the following provisions and conditions shall govern the parties:

    1.    During the course of the litigation, the parties may voluntarily exchange and be required to produce documents and information which contain sensitive, non-public information including, but not limited to, financial information, marketing information, customer information, employment information, business plans, intellectual property, and/or trade secrets ("Confidential Information"). Any party may designate documents or information which contains Confidential Information by designating that document or information as "CONFIDENTIAL". This Protective Order ("Order") shall pertain to those documents produced and information provided by any party and designated

"CONFIDENTIAL" in response to any party's discovery requests. The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-Disclosing Party" shall refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2.  All documents or information that are designated "CONFIDENTIAL" shall be available only for examination by the parties, counsel for the parties, witnesses, experts, and consultants retained by counsel to assist in the prosecution, defense or settlement of this matter. Before any third party witnesses, experts, or consultants receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Specifically, the Non-Disclosing Party shall obtain an agreement in writing, as per the form attached as Exhibit "A," from the witness, expert, or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. A copy of all agreements executed by such persons shall be furnished to counsel of record for the Disclosing Party.

3.  No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than preparation for trial (if any) or settlement of this matter.

4.  There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5.              When producing documents of any kind (including, but not limited to, any audio and video materials) which contain Confidential Information, the parties shall mark such documents as "CONFIDENTIAL."

6.              In responding to written discovery directed to them, any party may designate any portion of her / its responses which contains Confidential Information as "CONFIDENTIAL."

In depositions (if any)[1], any party may designate any testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact. The reporter shall then mark the "CONFIDENTIAL" portions of the transcript as "CONFIDENTIAL."

7.              Documents or information designated by any of the parties as "CONFIDENTIAL" and required to be filed with the Court shall be sealed by the Clerk of Court and shall be available for inspection only by the Court and by those persons authorized by this Order to review such Confidential Information.

8.              If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document (including audio and video materials), pleading, or any transcript of testimony as "CONFIDENTIAL," he/it shall give notice of same to the Disclosing Party in writing of the document, pleading, and/or testimony at issue and the reason for the objection. The Disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the Disclosing Party

---

[1] Since this action is brought pursuant to ERISA, Defendant Fidelity asserts that there should be no depositions or other discovery allowed. Defendant Fidelity asserts that this case should be resolved on dispositive motions, and that a trial should not be held. Fidelity does not waive its position by agreeing to the procedures described herein.

does not make application within twenty (20) business days after receipt of the written objection of the Non-Disclosing Party, then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period or until the Court enters an order changing the designation, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

9. Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings, may be used in depositions (if any) and may be marked as deposition or exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under the seal with the Court. Specifically, to the extent that any such filing with the Court is necessary, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2 and 7.3.

10. In the event that there is a trial in this matter, counsel for the Non-Disclosing Party intends to introduce into evidence any information designated as "CONFIDENTIAL", he or she shall give timely notice of that intention to the Court and the Disclosing Party's counsel.

11. Nothing in this Order shall prevent any party or non-party from seeking a modification of the Order or objecting to discovery which it believes to be otherwise improper.

DATED this 5th day of January, 2010.

*s/ Craig B. Shaffer*

<u>                                             </u>
**UNITED STATES MAGISTRATE JUDGE**

**SUBMITTED BY:**

| | |
|---|---|
| s/ Debra Lynn Eiland | s/ Emily Hobbs-Wright |
| Debra Lynn Eiland, # | Emily Hobbs-Wright |
| Law Offices of Debra Eiland, PC | HOLLAND & HART LLP |
| 24 South Weber Street, Suite 300 | 555 Seventeenth Street, Suite 3200 |
| Colorado Springs, CO 80903 | Post Office Box 8749 |
| edebra@qwest.net | Denver, Colorado  80201-8749 |
| **ATTORNEYS FOR PLAINTIFF** | Phone: (303) 295-8584 |
| | Fax: (303) 295-8261 |
| | ehobbs-wright@hollandhart.com |
| | |
| | Michael S. Beaver |
| | HOLLAND & HART LLP |
| | 8390 East Crescent Parkway, Suite 400 |
| | Greenwood Village, CO  80111-2800 |
| | Phone: (303) 290-1631 |
| | Fax: (303) 290-1606 |
| | mbeaver@hollandhart.com |
| | **ATTORNEYS FOR DEFENDANT** |

4684644_1.DOC

**APPENDIX "A"**

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I have read and understand the Confidentiality Stipulation in the case of Estate of Rosemary Berry, deceased, by Theresa Bird, as Personal Representative for the Estate of Rosemary Berry v. Ralph James Berry, Jr., Agilent Technologies, Inc. a Colorado foreign corporation, and Fidelity Investments Institutional Operations Company Inc., a Massachusetts corporation, 09-cv-01031-ZLW-CBS, pending in the U.S. District Court for the District of Colorado, a copy of which Stipulation has been delivered to me to keep with my copy of this Agreement.  I agree to be bound by all the terms of the Confidentiality Stipulation and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Confidentiality Stipulation.  I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City     State      Zip

_____
Occupation or Business

A-2